UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY W. MARTIN, | Case No. 1:22-cv-00039-HBK (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1] |
| v. | (Doc. No. 10) |
| B.M. TRATE, Warden, | |
| Respondent. | |

Petitioner Shelley W. Martin, a federal prisoner, has pending a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). Liberally construed, the Petition raises two grounds for relief in connection with five separate prison disciplinary hearings conducted while Petitioner was incarcerated at the United States Penitentiary ("USP") Atwater: (1) Petitioner's due process rights were violated because he did not receive the Discipline Hearing Officer ("DHO") report, thus preventing him from filing an appeal of the decision; and (2) Petitioner's due process rights were violated due to prison officials' "fabrication of DHO reports." (Doc. No. 1 at 3). On April 28, 2022, Respondent filed a Motion to Dismiss arguing Petitioner had failed to exhaust his administrative remedies and, in the alternative, his claims are

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 14).

without merit. (Doc. No. 10). As of the date of this order, Petitioner has not filed a response to the motion, nor requested an extension of time to respond, and the time for doing so has expired. (*See* Doc. No. 5 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss). For the reasons set forth more fully below, the Court grants Respondent's Motion to Dismiss and denies Petitioner relief on his Petition.

## I. BACKGROUND

Petitioner is serving a federal prison sentence for his conviction in the United States District Court for the District of Maryland ("D-MD"), after a jury trial, of participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d), and conspiracy to possess and distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine in violation of 21 U.S.C. § 846. *See United States v. Mitchell et al.*, No. 1:04-cr-00029-RDB-3, Crim. Doc. Nos. 582, 583.[2] Petitioner was originally sentenced to concurrently serve multiple 400-month terms of imprisonment. Crim. Doc. No. 650. After granting his motion to reduce his sentence under the First Step Act, Petitioner was resentenced by the D-MD to serve concurrent 300-months terms of incarceration. Crim. Doc. Nos. 859, 869-69.

In the instant Petition, Petitioner argues his due process rights were violated under *Wolff*[3] because he did not receive a copy of the DHO report for five separate disciplinary proceedings, and the DHO reports were "fabricated" as to delivery time, date, and signature. (Doc. No. 1 at 2-3) The DHO reports were issued between 2012 and 2015 and are identified in the Petition by the following incident report ("IR") numbers and further explained by Respondent in its Motion: 2682310 (Fighting with Another Person in violation of BOP Code 201)[4], 2682302 (Possession of an Instrument Used as a Weapon and Fighting with another Person in violation of BOP Codes 104 and 201), 2391648 (Possession of Marijuana in violation of BOP Code 113), 2484847 (Possession of Intoxicants in violation of BOP Code 113), and 2247568 (Fighting with Another

---

[2] The undersigned cites to the record in Petitioner's underlying D-MD criminal case as "Crim. Doc. No. __."
[3] *Wolff* v. *McDonnell*, 418 U.S. 539 (1974).
[4] Petitioner was also charged with Possession of a Weapon in violation of BOP Code 104, but at the disciplinary hearing that charge was deemed to be "unsupported and thus expunged from the report." (Doc. No. 16 at 3-4).

Person in violation of BOP Code 201)[5]. (Doc. No. 16 at 3, 37, 106, 125, 162). Petitioner contends because he did not receive the DHO reports, he was unable to appeal the findings of guilt. (Doc. No. 1 at 6-7). Notably, Petitioner does not allege that he administratively grieved his failure to appeal due to the alleged due process violations.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

At the outset, a challenge to the execution of a sentence by a federal prisoner, as opposed to the imposition of a sentence, is properly brought under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (*per curiam*). Thus, government action that affects the duration of a prisoner's sentence, such as a loss of good time credits following a disciplinary proceeding, are properly brought via § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).[6] Although Petitioner does identify the amount of gain time lost for each of the aforementioned violations, presumable he seeks restoration of the lost good time credits for each of the challenged offenses.

////

---

[5] Petitioner was also charged with lying in violation of BOP Code 313, but at the disciplinary hearing that charge was deemed to be "unsupported and thus expunged from the report." (Doc. No. 16 at 162-63).
[6] However, in dicta, the Supreme Court, stated the award of good time credit by the Bureau of Prisons (BOP) under 18 U.S.C. § 3624(b) "does not affect the length of a court-imposed sentence; rather it is an administrative reward to provide an incentive for prisoners to 'compl[y] with institutional disciplinary regulations." *Pepper v. United States*, 562 U.S. 476, 502, n. 14 (2011) (internal quotations and citations omitted).

**A. Failure to Exhaust Administrative Remedies**

"Federal prisoners [generally] are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created, it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Because exhaustion is not required by statute, it is not jurisdictional. *Id.* (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)). If petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Requiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). As a general rule, the court have found dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the BOP. *See Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of a § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile"). However, the Court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Here, Petitioner concedes that he did not exhaust his claims to prison officials in a prison

administrative appeal but asserts exhaustion "may be excused if the actions of agency [unambiguously] violate statutory or constitutional rights." (Doc. No. 1 at 3). Further, Petitioner claims he was not able to exhaust because he was not provided with the DHO reports in a timely fashion to prosecute an appeal. (*Id*. at 6-7). Regardless, the Court declines to make a finding on exhaustion because, as discussed *supra*, Petitioner's due process claims lack merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("AEDPA expressly permits courts to deny habeas petitions on the merits despite a failure to exhaust.").

### B. Due Process Claims

Federal prisoners have a right to due process during prison disciplinary hearings. *See Wolf* v. *McDonnell*, 418 U.S. 539 (1974) ("[D]ue process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits."). Due process requires: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-567. Prisoners bear the burden to demonstrate that they did not receive due process during their disciplinary hearing. *See Parnell v. Martinez*, 821 Fed. Appx. 866, 866-867 (9th Cir. 2020) (finding that the district court "properly dismissed [the petitioner's] due process claim challenging his disciplinary hearing following his failure to submit to a urinalysis because [the petitioner] failed to allege facts sufficient to demonstrate that he was not afforded all the process that was due.").

Moreover, "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by *some evidence* in the record." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff*, 418 U.S. at 558) (emphasis added). The court need not

5

reexamine the entire record, assess the credibility of the witnesses, or weigh the evidence presented during the hearing. *See id.* at 455-56. Rather, the court determines whether there is "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (emphasis added).

Petitioner contends his due process rights were violated because he was not given a written statement of the evidence relied upon and the reasons for the disciplinary action as required by *Wolff*. Petitioner presents no evidence that the prison disciplinary procedures for each of his challenged conduct violations did not meet the due process standards. Each of the DHO reports identified in the Petition include a signature confirmation that Petitioner was delivered each DHO report detailing the evidence relied upon and reasons for imposing the disciplinary sanction. (*See* Doc. No. 16 at 5 (IR No. 2682310 DHO report delivered to Petitioner on March 16, 2015), 39 (IR No. 2682302 DHO report delivered to Petitioner on March 16, 2015), 107 (IR No. 2391648 DHO report delivered to Petitioner on January 28, 2013), 126 (IR No. 2484847 DHO report delivered to Petitioner on September 16, 2013), 164 (IR No. 2247568 delivered to Petitioner on January 5, 2012)). The evidence of record supports the "some evidence" standard that Petitioner was served with the DHO reports. Further, to the extent Petitioner argues "fabrication" of the DHO reports, Petitioner presents no evidence to support any claim of fabrication or should how the "delivery time and date and signature of receiving [the] report violate[s] due process." (Doc. No. 1 at 3). As noted by Respondent, "each DHO report documents (via different presiding officers and personnel) that the report was served on Petitioner. Moreover, Petitioner contradicts his claim of lack of service of process for purposes of appeal since, for three of the violation findings, Petitioner in fact sought administrative review." (Doc. No. 10 at 6; Doc. No. 10-1 at 7-8, 18-23). Based on the foregoing, the Court finds no due process violation in connection with the challenged DHO reports to grant any relief on the Petition.

////

////

////

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is **GRANTED**.

2. Petitioner is denied any relief on his Petition (Doc. No. 1).

3. The Clerk of Court shall enter judgment and close this case.

Dated:    January 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE